# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

SAUNDRA ANN FERRELL,     *

    Petitioner,     *

vs.     *     CASE NO. 4:00-CR-20 CDL

UNITED STATES OF AMERICA,     *

    Respondent.     *

## REPORT AND RECOMMENDATION

By written pleading entitled Petition For Permission To Appeal (R-99-1), on January 18, 2008, Petitioner Ferrell moved this Court "for an order for permission to file a motion for relief under Rule 60(b)(2)." She further states, "Petitioner's claim is based on new facts that could not, with the exercise of due diligence, (have) been discoverable." She has attached to her motion, as R-99-2, a Motion For Permission to Appeal In Forma Pauperis, which is moot in this former criminal prosecution, and she has attached, as (R-99-3) a Motion For Relief pursuant to F. R.Cv.P. 60(b)(2), wherein she states the "Relief Sought" is "an order setting aside the verdict of the jury, and the judgment in this matter on January 31, 2001, and granting Saundra Ann Ferrell a new trial."

## Procedural History

Petitioner Ferrell was indicted for First Degree Murder on March 2, 2000 (R-1). She entered a plea of not guilty and moved the Court for a psychiatric evaluation (R-8), which was granted (R-9). The results of the psychiatric examination were reported on August 3, 2000, and Petitioner's case proceeded to jury trial from January 22, 2001 through January 31, 2001 (R-30), which resulted in a verdict of guilty as charged in the indictment (R-32). Petitioner was sentenced to life imprisonment on February 9, 2001. (R-35).

Petitioner Ferrell appealed her conviction and sentence, but the United States Court of Appeals for the Eleventh Circuit affirmed the same on September 20, 2001. (R-46).

On February 4, 2002, Petitioner Ferrell filed a Motion For New Trial (R-49), which was denied by the District Court on March 7, 2002 (R-52). The Court of Appeals for the Eleventh Circuit affirmed the District Court upon Petitioner's appeal of that ruling on July 29, 2002. (R-56).

On June 17, 2004, Petitioner Ferrell filed her first Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C. § 2255 (R-60), which was denied by the District Court on July 29, 2004 (R-64). The Court of Appeals denied Petitioner's request for a Certificate of Appeal (COA) and dismissed her appeal on December 27, 2004. (R-77).

On February 12, 2007, Petitioner Ferrell filed another Motion For Certificate of Appeal in the District Court (R-91), which was again denied (R-92). The Court of Appeals for the Eleventh Circuit likewise denied a COA and dismissed Petitioner's appeal on March 2, 2007.

On July 23, 2007, Petitioner Ferrell filed a second Motion For Certificate of Appeal (R-97), which was denied again by the District Court. Ferrell did not seek a COA on that occasion from the Court of Appeals.

Petitioner's present Motion, filed on January 18, 2008, for Permission To Appeal/ file a Rule 60(b) Motion, etc., as stated above, is the matter now before the court for determination.

### Conclusions of Law

Petitioner's Motion for leave to file an Appeal is without merit, because she has long since exhausted her appellate rights to direct appeal. Her claim for Federal Rule of Civil Procedure 60(b)(2) relief based upon newly discovered evidence and seeking vacation of her conviction and sentence would be a misuse of the Rule 60 (b) procedure. Ferrell's continued attempts to vacate her

conviction and sentence sounds only in habeas corpus, no matter what she calls her pleadings.

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . . Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon*[1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[2] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion is not designed to prevent a fraud upon the court, but rather to re-open a judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court had ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it. The point of the rule we announce today is that the petitioner may not get around the statutory restrictions on

---

[1] *Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[2] " 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

second and successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of the exceptions of the two statutory exceptions.

From all of the foregoing authority, it clearly appears that this court could not exercise jurisdiction over Petitioner's Rule 60(b) Motion until it is authorized to do so by the United States Court of Appeals for the Eleventh Circuit pursuant to the trumping provisions of 28 U.S.C. § 2244 (b)(3)(A), according to *Boone, Gonzalez*, and *Calderon.* "When a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion." *El-Amin v. United States,* 172 Fed. Appx. 942, 946 (11th Cir. 2006)(treating Rule 60(b) motion as successive § 2255 motion and remanding to the district court to modify its order to reflect that motion is dismissed for lack of jurisdiction).

This court must note however, that Petitioner's actual Rule 60(b)(2) Motion is not before the court. Petitioner Ferrell improperly attached it to her Motion "for an order for permission to file a motion for relief under Rule 60(b)(2)." The foregoing authorities have clearly established that this court is without jurisdiction to entertain Petitioner's Rule 60(b)(2) Motion. This court is, therefore, without authority to grant Petitioner Ferrell's Motion for an order for permission to file a motion for relief under Rule 60(b)(2)**.**

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof. SO RECOMMENDED this 23rd day of January 2008.

                                                      S/ G. MALLON FAIRCLOTH
                                                      UNITED STATES MAGISTRATE JUDGE