**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:00-cr-20-CDL-MSH |
| | : | |
| SAUNDRA ANN FERRELL, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## REPORT AND RECOMMENDATION

On December 12, 2011, the Court received a letter from Defendant requesting that the Court provide her with "astronomical sentence reduction."  (Letter 3, Nov. 28, 2011, ECF No. 110.)  The Court construes this letter as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.  For the reasons described below, Defendant's motion should be dismissed.

## BACKGROUND

On January 3, 2001, a jury found Defendant guilty of murder in the first degree. Defendant was sentenced to life imprisonment, and judgment was entered against her on February 9, 2001.  Defendant appealed her conviction, which was affirmed by the Eleventh Circuit on September 20, 2001.  Defendant's subsequent appeals of her judgment of conviction were dismissed by the Eleventh Circuit.  Defendant also moved to vacate her sentence pursuant to 28 U.S.C. § 2255, which was denied on July 29, 2004. Defendant's motions for a certificate of appealability were denied by the district court and

the Eleventh Circuit.   On January 18, 2008, Defendant moved for permission to file a

motion for relief from judgment pursuant to Federal Rules of Civil Procedure Rule 60(b).

That request was denied by the Court on March 14, 2008.

Defendant now asks the Court for "astronomical sentence reduction" claiming that

she made mistakes in her past and was naïve, but that she deserves "mercy on [her] life."

(Letter 1, 3, Nov. 28, 2011.)   Defendant makes no legal argument in her letter and

provides no authority for her request.   However, giving Defendant the benefit of the doubt

as a *pro se* litigant, the Court construes this letter as a request by Defendant for the Court to

modify her sentence pursuant to 18 U.S.C. § 3582.[1]

## DISCUSSION

This Court does not have "inherent authority" to modify a sentence.   *United States*

*v. Diaz-Clark*, 292 F.3d 1310, 1317-19 (11th Cir. 2002); *see also* 18 U.S.C. § 3582(c)

("The court may not modify a term of imprisonment once it has been imposed except [in

certain cases].").   Title 18, United States Code § 3582 provides the limited circumstances

under which a sentence for a term of imprisonment may be modified.   18 U.S.C. §

3582(c).   Specifically, "[u]nder § 3582(c), the court may modify a sentence in three

circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal

Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3)

if the sentencing range has subsequently been lowered by the Sentencing Commission."

---

[1]  Defendant specifically states that she is "not asking for a retrial," but is instead asking "the court
to review [her] attachments in an effort to give [her] astronomical sentence reduction."   (Letter 3,
Nov. 28, 2011.)

*United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006).  If one of these circumstances is not present in a case, the Court lacks jurisdiction to consider the Defendant's motion to modify his sentence.   *Id.*

Here, there is no motion from the Bureau of Prisons; there is no authority to modify the sentence under Federal Rules of Criminal Procedure 35 for clear error or substantial assistance, or under any other statute; and the sentencing guideline range has not been lowered since Defendant's sentencing.  Because none of the circumstances listed in § 3582(c) is present in this case, this Court lacks jurisdiction.  Defendant's motion should consequently be dismissed.

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendant's motion to reduce sentence be DISMISSED for lack of jurisdiction.   Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 13th day of December, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE