IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:00-cr-20-CDL-MSH |
| SAUNDRA ANN FERRELL, | : | |
| Defendant. | : | |

## ORDER AND
## REPORT AND RECOMMENDATION

On April 1, 2013, the Court received a motion from Defendant titled "Motion for Reconsideration; Motion for Writ of Error Coram Nobis; Motion to Proceed *in forma pauperis*; Motion Requesting Appointment of Appellate Counsel." (ECF No. 122.) For the reasons explained below, it is recommended that Defendant's motion be denied.

### BACKGROUND

On January 3, 2001, a jury found Defendant guilty of murder in the first degree. Defendant was sentenced to life imprisonment, and judgment was entered against her on February 9, 2001. (ECF No. 35.) Since the final judgment of conviction, Defendant has repeatedly filed appeals and motions attempting to vacate the judgment and sentence in this case.

Defendant appealed her conviction on February 13, 2001 (ECF No. 36), which was affirmed by the Eleventh Circuit on September 20, 2001. (ECF No. 46.) Defendant moved for a new trial on February 4, 2002 (ECF No. 49), which was denied on March 7,

2002.  (ECF No. 52.)   The Eleventh Circuit affirmed the denial her motion for a new trial on March 14, 2003.  (ECF No. 57.)   Defendant then moved to vacate the judgment against her pursuant to 28 U.S.C. § 2255 on June 17, 2004, (ECF No. 60), which was denied by the district court on July 29, 2004 (ECF No. 64).  Defendant's motions for certificates of appealability were denied by the district court and the Eleventh Circuit. (ECF Nos. 73, 77.)

Defendant filed a second notice of appeal regarding her original final judgment of conviction on February 12, 2007 (ECF No. 91).  The Eleventh Circuit dismissed this appeal on April 2, 2007.  (ECF No. 96.)   Defendant also filed two motions for certificates of appealability (ECF Nos. 92, 97) which were denied (ECF No. 93; Text Only Order, July 24, 2007).  On January 18, 2008, Defendant moved for permission to file a motion for relief from judgment pursuant to Federal Rules of Civil Procedure Rule 60(b).  That request was denied by the Court on March 14, 2008.

Defendant then filed two motions for habeas relief pursuant to 28 U.S.C. § 2241. The first was filed in the United States District Court for the Northern District of West Virginia.  *Ferrell v. Cross*, No. 3:08-cv-158 (N.D. W. Va. 2008).  The Northern District of West Virginia dismissed her request for habeas relief on January 8, 2009.  *Id.*, slip. op. 1-2 (N.D. W. Va. Jan. 8, 2009).  Similarly, Defendant's § 2241 habeas petition was summarily dismissed in the United States District Court for the District of Minnesota for lack of jurisdiction because the Defendant was challenging her conviction rather than her confinement.  *Ferrell v. Rios*, No. 09-cv-234, slip op. 1 (D. Minn. Mar. 13, 2009).

Defendant then returned to this Court and sought an "astronomical sentence reduction" which the Court construed as a request to modify her sentence pursuant to 18 U.S.C. § 3582. (ECF No. 110.) Such request was denied on January 24, 2012. (ECF No. 117.) Defendant has now filed a "Motion for Reconsideration; Motion for Writ of Error Coram Nobis; Motion to Proceed *in forma pauperis*; Motion Requesting Appointment of Appellate Counsel." (ECF No. 122.) This motion is ripe for review.

## DISCUSSION

### I. Motion for Writ of Error Coram Nobis

"The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). It "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or §2241." *Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013); *see also United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."). "A writ of coram nobis is available only when there is and was no other available avenue of relief and the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Chavarry v. United States*, 517 F. App'x 924, 925 (11th Cir. 2013) (internal quotation marks and citation omitted).

3

Because Defendant has previously filed an application for habeas relief, her motion for a writ of error coram nobis should not be treated as a motion for relief "pursuant to § 2255 because any such motion would be successive and [Defendant] has not sought leave to file a successive petition under 28 U.S.C. § 2255(h)." *United States v. Chavarry*, 376 F. App'x 928, 928 n.1 (11th Cir. 2010).

Here, Defendant moves for a writ of error coram nobis claiming that (1) her "trial counsel and trial judge failed to inform [Defendant] of her rights to an appellate counsel, and (2) her "trial attorney failed to meet a valid legal standard." (Mot. for Writ of Error Coram Nobis 4, 10.) These grounds for relief are seemingly ineffective assistance of counsel claims. Specifically, Defendant claims in her first ground for relief that she was not told that she was entitled to appellate counsel, and that such appellate counsel should have been different counsel than that given to her for her trial.[1] In her second ground for relief, Defendant claims that her trial attorney told Defendant that they should go to trial because the attorney was confident that she could win Defendant's case. Furthermore, Defendant contends that her attorney failed to provide adequate advice regarding whether Defendant should have taken what Defendant calls a "favorable plea bargain." (Mot. for Writ of Error Coram Nobis 11.)

These claims are claims that could have previously been asserted in Defendant's application for habeas relief pursuant to 28 U.S.C. § 2255 or could be asserted through a

---

[1] The Court notes that Defendant was provided appointed counsel at the trial and appellate level. *See, e.g., United States v. Ferrell*, Case No. 01-10858-FF, docket sheet (11th Cir. 2001).

new § 2255 motion if Defendant had authorization for such motion pursuant to § 2255(h). Because there is another avenue for the relief Defendant seeks through her motion for a writ of error coram nobis, such motion is improper and should be dismissed. *See Chavarry v. United States*, 517 F. App'x at 925; *United States v. Chavarry*, 376 F. App'x at 929 (affirming district court dismissal of petition for writ coram nobis where identical claims asserted in prior § 2255 action and could be brought in new § 2255 action).

## II. Miscellaneous Motions

Defendant's presently pending motion is titled "Motion for Reconsideration; Motion for Writ of Error Coram Nobis; Motion to Proceed *in forma pauperis*; Motion Requesting Appointment of Appellate Counsel." Defendant, however, does not make any argument or assertions supporting any motion except for a Motion for Writ of Error Coram Nobis. Consequently, to the extent that such motions may be pending, Defendant's Motion for Reconsideration, Motion to Proceed *in forma pauperis*, and Motion Requesting Appointment of Appellate Counsel are denied.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant's Motion for Writ of Error Coram Nobis (ECF No. 122) be denied. Defendant's Motion for Reconsideration, Motion to Proceed *in forma pauperis*, and Motion Requesting Appointment of Appellate Counsel are denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this

recommendation.

      SO ORDERED and RECOMMENDED, this 16th day of September, 2013.

                                        S/Stephen Hyles
                                        UNITED STATES MAGISTRATE JUDGE